**ARNOLD & PORTER KAYE SCHOLER LLP**
S. Zachary Fayne (SBN 307288)
zachary.fayne@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

Attorneys for Plaintiff Honeywell International Inc.

*(Additional counsel on signature page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALMAT CO. d/b/a VULCAN MATERIALS COMPANY, WESTERN DIVISION, a Delaware Corporation; LOS ANGELES BY-PRODUCTS COMPANY, a California Corporation,<br><br>Defendants. | No. 8:23-cv-00385-JWH-ADS<br><br>**JOINT RULE 26(f) REPORT**<br><br>Conference: May 16, 2025<br>Time: 11:00 AM |

Plaintiff Honeywell International Inc. ("Honeywell") and Defendants CalMat Co. d/b/a Vulcan Materials Company, Western Division ("CalMat") and Los Angeles By-Products Company ("LABP") (collectively, "Defendants") (altogether, the "Parties") hereby submit this Joint Rule 26(f) Report and state as follows:

**1.      Statement of the Case**

Honeywell asserts claims under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601 et seq. ("CERCLA"), and California state law for costs incurred and to be incurred to remediate groundwater contamination within the "central" portion of the North Hollywood Operable Unit

("NHOU"), which is part of the San Fernando Valley (Area 1) Superfund Site. Honeywell alleges that it has incurred and will continue to incur costs to construct and operate the "Second Interim Remedy" at the NHOU pursuant to a Consent Decree with the U.S. Environmental Protection Agency ("EPA") and the California Department of Toxic Substances Control ("DTSC"). Honeywell further alleges that CalMat and LABP owned and/or operated landfills that contributed to groundwater contamination at the NHOU. On this basis, Honeywell seeks cost recovery and contribution from CalMat and LABP for their equitable shares of the response costs incurred by Honeywell to construct and operate the Second Interim Remedy and to reimburse EPA for its past costs to investigate and oversee remediation of the NHOU. CalMat and LABP dispute and have asserted various affirmative defenses in response to Honeywell's allegations, such as inconsistency with the National Contingency Plan and that the costs were not "necessary costs of response" under CERCLA.

## 2. Subject Matter Jurisdiction

Honeywell's claims arise under CERCLA and parallel California state laws. This Court has subject matter jurisdiction over the action under sections 113(b) and 113(g)(3) of CERCLA, 42 U.S.C. §§ 9613(b), (g)(3), and 28 U.S.C. §§ 1331, 1367. This Court has supplemental jurisdiction over Honeywell's California state law claims that arise out of a common nucleus of operative facts under 28 U.S.C. § 1367.

## 3. Legal Issues

The key legal issues underpinning Honeywell's CERCLA and California state law claims include: (1) CalMat's and LABP's status as liable "persons" under CERCLA and parallel California law; and (2) the equitable allocation among the parties and nonparties of response costs incurred by Honeywell to construct and operate the Second Interim Remedy and reimburse EPA for its past costs.

**4.   Parties, Evidence, etc.**

Parties:

Plaintiff Honeywell is a Delaware corporation with its headquarters in Charlotte, North Carolina.  Honeywell has no parent company.  A list of Honeywell's subsidiaries and affiliates is provided as Exhibit B and is also available on Honeywell's website at https://www.honeywell.com/us/en/honeywell-affiliates.

Defendant CalMat is a Delaware corporation and has its principal place of business in the State of Alabama.  Defendant CalMat Co. d/b/a Vulcan Materials Company, Western Division, which is a defendant in this action, is a wholly-owned subsidiary of Legacy Vulcan, LLC, which is, in turn, a wholly-owned subsidiary of Vulcan Materials Company, a publicly-traded company that has no parent company.  A list of subsidiaries for Vulcan Materials Company is provided as Exhibit C.

Defendant LABP is a California corporation having its principal place of business in the State of California.

Witnesses and Documents:

The Parties anticipate that witnesses will include individuals with knowledge of (a) the design, construction, operation, and costs of the Second Interim Remedy and other remedies in the vicinity of the NHOU, (b) historical operations of the subject landfills, the former North Hollywood Bendix facility, and other facilities in the vicinity of the NHOU, (c) potential releases of environmental contaminants to soil and groundwater from those facilities, and (d) the historical, current, and future operation of groundwater remediation and supply wells in the vicinity of the NHOU.  In addition, the parties expect to present several expert witnesses on topics such as hydrogeology, fate and transport, environmental remediation, drinking water supply, and other technical topics.

The Parties anticipate that key documents may include technical and regulatory documents generated by or submitted to EPA and California state agencies (such as

EPA's Record of Decision and reports submitted by Honeywell, CalMat, and others), environmental sampling results, and documents related to historical operations of and any environmental releases from the subject landfills and facilities, and other facilities in the vicinity of the NHOU.

### 5. Damages

Honeywell alleges that it has incurred more than $40 million in response costs to date to construct the Second Interim Remedy and that it expects that its total costs to construct and operate the remedy will exceed $100 million. Honeywell further alleges that it has incurred more than $11 million to reimburse EPA for EPA's past costs. CalMat and LABP dispute that they are liable to Honeywell. The Parties' respective equitable shares of these amounts, if any, will be a subject for expert discovery. CalMat and LABP have not asserted any counterclaims.

### 6. Insurance

Honeywell is unaware of any available insurance coverage relevant to its claims in this case.

CalMat has provided notice of this action to the insurance carriers listed in the following paragraphs:

  i. Aetna Casualty & Surety Company (The Travelers Indemnity Company);
  ii. Central National of Omaha; Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America; Federal Insurance Company; Pacific Employers Insurance Company (Chubb Limited);
  iii. The Continental Insurance Company, Fidelity and Casualty Company of New York, Transcontinental Insurance Company (CNA);
  iv. Fireman's Fund Insurance Company (Allianz SE);

   v. First State Insurance Company, Hartford Accident & Indemnity Company, Hartford Casualty Insurance Company, New England Insurance Company, Twin City Fire Insurance Company (The Hartford Financial Services Group, Inc.);

   vi. Hudson Insurance Company, International Insurance Company (Fairfax Financial Holdings Limited);

   vii. Northbrook Insurance Company (Allstate Insurance Company); and

   viii. Zurich International Ltd. (Zurich Insurance Group).

LABP has provided notice of this action to insurers with potential insurance coverage. The extent of potential coverage is still being investigated. All insurers have asserted multiple reservations of rights.

### 7. Motions

At this early stage, the Parties do not anticipate motions seeking to add other parties or claims, to file amended pleadings, to transfer venue, or the like. As addressed below, the Parties anticipate that they might file motions for summary judgment, particularly on issues of liability. In addition, given the Parties' expected reliance on expert witnesses, it is possible that the Parties will file motions under Federal Rule of Evidence 702 (*Daubert*) to exclude or limit expert testimony.

### 8. Manual for Complex Litigation

The Parties believe that certain chapters of the Manual for Complex Litigation, including Chapter 23 on Expert Scientific Evidence and Chapter 34 on CERCLA (Superfund), provide guidance on issues that will likely arise in this matter in light of the nature of the claims and anticipated expert witnesses and scientific evidence relating to groundwater contamination at the NHOU. However, the Parties agree that the Manual is best utilized as a resource for the Court and the Parties, rather than as a directly applicable authority.

9. **Status of Discovery**

The Parties will serve their initial disclosures under Federal Rule of Civil Procedure ("Rule") 26(a)(1) by May 9, 2025. As of the time of this Joint Rule 26(f) Report, the Parties have not completed any other discovery but anticipate serving requests for production, interrogatories, and other written discovery in the near term.

10. **Discovery Plan**

The Parties do not propose to make any changes to the timing, form, or requirement for disclosures under Rule 26(a). As noted above, the Parties will serve initial disclosures pursuant to Rule 26(a)(1) by May 9, 2025, and will supplement those disclosures as appropriate.

The Parties anticipate that fact discovery will be needed to address several subjects, including but not limited to:

- The Parties' and nonparties' ownership and operation of facilities, including the former Bendix facility, the subject landfills, and other facilities in the vicinity of the NHOU.
- The Parties' corporate structures and histories, indemnities, and any relationships to predecessor or successor entities that owned and/or operated facilities in the vicinity of the NHOU.
- Historical operations of the former Bendix facility, subject landfills, and other facilities in the vicinity of the NHOU, including the types of wastes disposed of, compliance with regulatory requirements, and measures to prevent or mitigate environmental contamination at those facilities.
- Releases of contaminants from the former Bendix facility, the subject landfills, and other facilities in the vicinity of the NHOU to soil, groundwater, and other environmental media, and any environmental investigation and remedial measures undertaken to investigate, contain, cleanup, or otherwise address such releases.

- Regulatory oversight over the investigation, design, construction, and operation of the Second Interim Remedy.
- Honeywell's alleged costs incurred in constructing and operating the Second Interim Remedy, including whether such costs are "necessary costs of response," and EPA's costs incurred to investigate and oversee the Second Interim Remedy.
- Honeywell's compliance with the National Contingency Plan.
- The historical, current, and future operation of groundwater remediation and supply wells in the vicinity of the NHOU.

*Phased Discovery.* Honeywell proposes to sequence fact and expert discovery with separate cut-off dates for each. Defendants propose to set a single cut-off date for all discovery. The Parties' respective positions on phasing discovery are presented in Exhibit A. At this stage, the Parties do not anticipate a need to conduct limited or issue-focused discovery.

*Interrogatories.* Due to the complexity of the issues presented in this case, Honeywell proposes to increase the number of written interrogatories that may be served on any other party to no more than 50, including all discrete subparts, instead of the default 25 written interrogatories allowed under Rule 33. Defendants do not believe an increase in the number of written interrogatories is warranted. At this early time, the Parties do not propose to change any of the other applicable limitations or impose other limitations.

*Other Discovery Matters.* The Parties expect that the litigation will involve a heavy emphasis on experts and will require complex scientific analysis across a range of scientific disciplines. Accordingly, the Parties note that adequate and necessary time will be needed in the discovery schedule for technical and factual analysis, expert reports, and depositions of experts. In addition, many of the historical operative events that may have led to environmental releases occurred decades ago,

which will likely complicate factual discovery efforts. These facts are reflected in the schedule proposed in Exhibit A.

The Parties have agreed to confer regarding the collection and production of electronically stored information ("ESI") and claims of privilege. The Parties plan to file proposed ESI and protective orders with the Court as noted in the schedule proposed in Exhibit A.

**11.   Discovery Cutoff**

The Parties' positions on a discovery cutoff date are presented in Exhibit A.

**12.   Expert Discovery**

The Parties' positions on an expert discovery cutoff date are presented in Exhibit A.

**13.   Dispositive Motions**

The Parties anticipate that they may seek to file summary judgment motions on issues of liability or to otherwise narrow issues for trial; the Parties' proposed schedule for dispositive motions is included in Exhibit A.

**14.   Settlement/Alternative Dispute Resolution (ADR)**

The Parties have engaged in extensive settlement discussions both before and after Honeywell filed this action, including since August 2023 when the Court granted the Parties' request to stay the case for this purpose. The Parties made substantial progress in laying the factual groundwork for meaningful settlement discussions but were unable to reach a resolution. The Parties are currently at an impasse but remain open to further settlement discussions as the litigation progresses.

**15.   Trial Estimate**

The Parties estimate that 10 to 20 days will be required for trial and the trial will be a bench trial. It is difficult to predict the number of fact and expert witnesses needed at trial at this early stage, but the Parties currently estimate calling approximately 10 witnesses each, inclusive of fact and expert witnesses.

### 16. Trial Counsel

Honeywell's lead trial counsel is Zachary Fayne at Arnold & Porter Kaye Scholer LLP.

CalMat's lead trial counsel is Eddie Lewis at Norton Rose Fulbright US LLP.

LABP's lead trial counsel is Matthew Bures at Wolfe & Wyman LLP.

### 17. Independent Expert or Master

The Parties do not anticipate the need for a special master or independent expert at this time.

### 18. Timetable

The Parties' positions on a timetable for case management are presented in Exhibit A.

### 19. Amending Pleadings and Adding Parties

The Parties do not anticipate amending their pleadings or adding additional defendants or claims at this time. Should that change as discovery progresses, the party seeking to amend its pleading or to add one or more parties will comply with the Court's direction to seek a stipulation or comply with Rule 15(a) and, if applicable, Rule 16(b)(4), as well as L.R. 15-1 through 15-3 and L.R. 16-14.

### 20. Other issues

The Parties are not currently aware of any other issues affecting the status or management of this case.

### 21. Consent to Proceed Before Magistrate Judge

The Parties have met and conferred and do not consent to proceed before a magistrate judge.

| | |
|---|---|
| Dated: May 2, 2025 | Respectfully submitted, |
| | /s/ *S. Zachary Fayne* |
| | S. Zachary Fayne (CA Bar No. 307288) |
| | zachary.fayne@arnoldporter.com |
| | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| | Three Embarcadero Center, 10th Floor |
| | San Francisco, CA 94111-4024 |
| | Tel: 415-471-3100 |
| | Fax: 415-471-3400 |
| | |
| | *Attorneys for Honeywell International Inc.* |
| | |
| Dated: May 2, 2025 | /s/ *Edward Lewis* |
| | Edward Lewis (admitted *pro hac vice*) |
| | eddie.lewis@nortonrosefulbright.com |
| | Elizabeth Weaver (CA Bar No. 123764) |
| | elizabeth.weaver@nortonrosefulbright.com |
| | William Troutman (CA Bar No. 246425) |
| | william.troutman@nortonrosefulbright.com |
| | Brittany Covert (admitted *pro hac vice*) |
| | brittany.covert@nortonrosefulbright.com |
| | **NORTON ROSE FULBRIGHT US LLP** |
| | 555 South Flower Street, Forty-First Floor |
| | Los Angeles, CA 90071 |
| | Tel: 213-892-9208 |
| | Fax: 213-892-9494 |
| | |
| | *Attorneys for CalMat Co.* |
| | |
| Dated: May 2, 2025 | /s/ *Matthew C. Bures* |
| | Matthew C. Bures (CA Bar No. 143361) |
| | mcbures@ww.law |
| | **WOLFE & WYMAN LLP** |
| | 2212 Dupont Drive |
| | Irvine, CA 92612 |
| | Tel: 949-475-9200 |
| | Fax: 949-475-9203 |
| | |
| | *Attorneys for Los Angeles By-Products Company* |

# ATTESTATION

Pursuant to Local Rule 5-4.3.4, I, S. Zachary Fayne, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ *S. Zachary Fayne*
S. Zachary Fayne

*Attorneys for Honeywell International Inc.*